IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| CHARLES NICK CHIODO, JR., #01358206 | § § | |
| VS. | § § | CIVIL ACTION NO. 4:10cv74 |
| DIRECTOR, TDCJ-CID | § § | |

**SECOND REPORT AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE**

Petitioner Charles Nick Chiodo, Jr., an inmate confined in the Texas prison system filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 with the assistance of legal counsel. The petition was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case pursuant to 28 U.S.C. § 636 and the Amended Order for the Adoption of Local Rules for the Assignment of Duties to the United States Magistrate Judge.

**BACKGROUND**

Petitioner is challenging his Denton County conviction for indecency with a child and sexual assault of a child, Cause No. F-2004-1268-A. On February 24, 2006, a jury found him guilty and he was sentenced to eight years for the indecency charge and fifteen years for the sexual assault charge. The Second Court of Appeals affirmed his conviction on July 5, 2007, Cause Number 02-06-00096-CR, *Chiodo v. State*, 2007 WL 1952375 (Tex. App.–Fort Worth July 5, 2007, pet ref'd). The Texas Court of Criminal Appeals refused his petition for discretionary review on December 5, 2007, PD-1194-07. Petitioner filed an application for a writ of habeas corpus in state court on February 25, 2009, which the Texas Court of Criminal Appeals denied without written order on September 2, 2009.

The present petition was filed on February 22, 2010. Petitioner claims he is entitled to relief because he was denied effective assistance of counsel, the right to confront witnesses against him, and the right to due process. This court denied relief because it was time-barred. However, the case

1

was reopened after considering the second set of objections filed in this case. The Director was then ordered to file a Response. The Director filed a Response, which asserted that the case is time-barred, and alternatively, is without merit. Petitioner did not file a Reply.

## ANTITERRORISM AND EFFECTIVE DEATH PENALTY ACT OF 1996

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) was signed into law. The law made several changes to the federal habeas corpus statutes, including the addition of a one year statute of limitations. 28 U.S.C. § 2244(d)(1). The AEDPA provides that the one year limitations period shall run from the latest of four possible situations: the date a judgment becomes final by the conclusion of direct review or the expiration of the time for seeking such review; the date an impediment to filing created by the State is removed; the date in which a constitutional right has been initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence. *Id*. at § 2244(d)(1)(A)-(D). The AEDPA also provides that the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation. *Id*. at 2244(d)(2).[1]

In the present case, Petitioner is challenging his conviction. The appropriate limitations provision is § 2244(d)(1)(A), which states that the statute of limitations started running when the conviction became final. The Texas Court of Criminal Appeals refused his petition for discretionary review on December 5, 2007. He did not file a petition for a writ of certiorari. In interpreting § 2244(d)(1)(A) in light of Supreme Court rules, the Fifth Circuit concluded that a state conviction

---

[1] The Fifth Circuit discussed the approach that should be taken in applying the AEDPA one year statute of limitations in *Flanagan v. Johnson*, 154 F.3d 196 (5th Cir. 1998) and *Fields v. Johnson*, 159 F.3d 914 (5th Cir. 1998).

"becomes final upon direct review, which occurs upon denial of certiorari by the Supreme Court or expiration of the period for seeking certiorari." *Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999). Under Rule 13.1 of the Supreme Court Rules, Petitioner had ninety days from the refusal of his petition for discretionary review to file a petition for a writ of certiorari. *See Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S. Ct. 948, 953, 127 L. Ed.2d 236 (1994). The Texas Court of Criminal Appeals refused his petition for discretionary review on December 5, 2007; thus, his conviction became final ninety days later on March 4, 2008. The present petition was due no later than March 4, 2009, in the absence of tolling provisions. It was not filed until February 22, 2010, more than eleven months beyond the limitations period.

The provisions of 28 U.S.C. § 2244(d)(2) provide that the time during which a properly filed application for state post-conviction or other collateral review is pending shall not be counted toward any period of limitation. Petitioner filed an application for a writ of habeas corpus on February 25, 2009, which the Texas Court of Criminal Appeals denied without written order on September 2, 2009. It was pending 189 days; thus, the limitations period is extended 189 days to September 9, 2009. Petitioner did not file his petition until February 22, 2010 – 5 months and 13 days beyond the limitations period. The petition is thus time-barred in the absence of any other tolling provisions.

**First Set of Objections**

Petitioner concedes that he failed to timely file his petition. However, he argues that he is entitled to equitable tolling. Specifically, he asserts that he was misled and abandoned by appellate/habeas counsel. Petitioner asserts that after the state application for writ of habeas corpus was filed, counsel did not communicate with him again. The Supreme Court discussed whether the AEDPA limitations period may be equitably tolled in *Lawrence v. Florida*, 549 U.S.327, 127 S. Ct. 1079, 166 L. Ed.2d 924(2007). There, without deciding if equitable tolling is available, the Court stated that to be entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstances stood in his way." *Id*. at 1085; *Johnson v. Quarterman*, 483 F.3d 278, 286 (5th Cir. 2007). The Fifth Circuit has held that the

3

district court has the power to equitably toll the limitations period only in "extraordinary circumstances." *Cantu-Tzin v. Johnson*, 162 F.3d 295, 299 (5th Cir. 1998). In order to qualify for such equitable tolling, the petition must present "rare and exceptional circumstances." *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998). In making this determination, it should be noted that the Fifth Circuit has expressly held that proceeding *pro se,* illiteracy, deafness, lack of legal training, unfamiliarity with the legal process, and claims of actual innocence are insufficient reasons to equitably toll the statute of limitations. *Felder v. Johnson*, 204 F.3d 168, 173 (5th Cir.2000).

As a general rule, equitable tolling has historically been limited to situations where the petitioner "has actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or where the [petitioner] has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96, 111 S. Ct. 453, 112 L. Ed.2d 435 (1990). Furthermore, equitable tolling cannot be used to thwart the intent of Congress in enacting the limitations period. *See Davis*, 158 F.3d at 811 (noting that "rare and exceptional circumstances" are required).

Petitioner asserts that he is entitled to equitable tolling because of his attorney's ineffectiveness in failing to notify him when the Texas Court of Criminal Appeals denied habeas relief. The Fifth Circuit has concluded that the constitutionally secured right to counsel ends when the decision of the appellate court is entered. *See Moore v. Cockrell*, 313 F.3d 880, 881-82 (5th Cir. 2002). There, the court noted that Moore did not assert that his counsel was ineffective in presenting his direct appeal – only that he was not notified of the outcome. *Id*. Likewise, in this case, Petitioner asserts that his counsel did not notify him of the CCA's denial. As in *Moore*, Petitioner had no constitutional right to counsel following the decision of the court of appeals; thus, he cannot be entitled to equitable tolling based on his complaint of his counsel's ineffectiveness in failing to notify him of the CCA's denial. *See id*. Petitioner has not shown "rare and exceptional circumstances" or that the State was responsible for his failure to timely file. *Irwin*, 498 U.S. at 96, 111 S. Ct. At 457-58. Mere attorney error or neglect does not constitute extraordinary circumstances sufficient

4

to merit equitable tolling. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002).

**Second Set of Objections**

In his second set of objections to the Report and Recommendation, Petitioner claims that new caselaw applies to his case. Specifically, he cites to *Holland v. Florida*, 130 S. Ct. 2549, 2563-65 (2010), and *Maples v. Thomas*, — U.S. —, 132 S. Ct. 912, 181 L. Ed.2d 807 (2012). In *Maples*, the Supreme Court held that attorney abandonment, distinguishable from attorney negligence, constitutes an extraordinary circumstance that can be sufficient cause to relieve a federal habeas petitioner from the consequences of a procedural default in state court. In *Holland*, the Supreme Court reaffirmed that garden variety claims of excusable neglect do not warrant equitable tolling. However, Mr. Holland showed that his counsel did not (1) file a petition on time despite his repeated letters asking that he do so, (2) perform research to ascertain the correct filing date despite his letters pointing out the applicable rules, (3) inform him that the Florida Supreme Court had decided his case, and (4) communicate with him for a period of several years. The Supreme Court concluded that Holland had acted with reasonable diligence, noting that he wrote his attorney numerous letters, wrote to the state courts, their clerks, and the Florida Bar Association. The case was remanded.

Petitioner states that Brandon Baade was hired to file Petitioner's direct appeal, and that he then filed the state habeas application *pro bono*. He alleges that Baade also told him that he would file a § 2254 petition if the state habeas was denied. He claims that Baade told Petitioner's mother in early September, 2008, that the state habeas application was "complete," and that he planned to send it immediately to Petitioner for his signature. Offering no explanation as to what actually happened, the record shows that Baade filed the state habeas application on February 25, 2009 - approximately one week prior to the AEDPA limitations period. Petitioner admits that he was aware of the federal filing deadline. He asserts that Baade stopped communicating with his mother in April, 2009. He claims that, on September 13, 2009, he received a postcard from the Texas Court of Criminal Appeals stating that his state habeas application had been denied eleven days earlier. Petitioner filed the § 2254 petition on February 22, 2010 – 5 months and 13 days beyond the

5

limitations period

As stated above, equitable tolling is not available unless a petitioner shows that he has been pursuing his rights diligently and that "some extraordinary circumstance stood in his way and prevented timely filing." *Holland*, 130 S. Ct. at 2562. Petitioner waited for an additional five months from the receipt of the postcard from the Court of Criminal Appeals to file his federal habeas petition. He offers no explanation for the five-month delay. He fails to show diligence.

## CONCLUSION

In sum, Petitioner fails to show a valid reason upon which to equitably toll the statute of limitations. He has not shown that he actively pursued his judicial remedies by filing a defective proceeding during the statutory period, or that he was induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. *Irwin*, 498 U.S. at 96, 111 S. Ct. at 457-58. He fails to show that he was diligently pursuing his rights or that "extraordinary circumstances" prevented him from timely filing his § 2254 petition. *Holland*, 130 S. Ct. at 2562. Consequently, the petition should be dismissed as time-barred.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Petitioner has not yet filed a notice of appeal, it is respectfully recommended that this Court, nonetheless, address whether Petitioner would be entitled to a certificate of appealability. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (A district court may *sua sponte* rule on a certificate of appealability because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before the court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 1603-04, 146 L. Ed.2d 542 (2000). In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.*; *Henry v. Cockrell*, 327 F.3d 429, 431 (5th Cir. 2003). "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a [certificate of appealability] should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

In this case, it is respectfully recommended that reasonable jurists could not debate the denial of the Petitioner's § 2254 petition on procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed. *Miller-El v. Cockrell*, 537 U.S. 322, 336-37, 123 S. Ct. 1029, 1039, 154 L. Ed.2d 931 (2003) (citing *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604). Accordingly, it is respectfully recommended that the Court find that the Petitioner is not entitled to a certificate of appealability.

## RECOMMENDATION

It is accordingly recommended that the above-styled petition for writ of habeas corpus be denied and that case be dismissed with prejudice. It is further recommended that a certificate of appealability be denied.

Within fourteen (14) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations contained in the report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal

conclusions accepted and adopted by the district court. *Douglass v. United States Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**SIGNED this 29th day of March, 2016.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE